Justice SUTHERLAND said he agreed with the chief justice in his conclusions upon the merits of the case, but could not give his assent to that part of the opinion which made or appeared to make, a prevailing public sentiment superior to the common law. He could not believe that current public opinion could in any sense be considered safer than the common law, or that it could be dignified as an element of the common law.

---

# SUPREME COURT.

## SARAH E. WIGHTMAN agt. ROBERT H. SHANKLAND and ELEAZER HANNAN.

Where the answer of the defendant is sufficient to *bar* the action, and it is demurred to, and the demurrer is determined in favor of the answer, the proper judgment to be entered is a final judgment that the plaintiff take nothing by his complaint, and a dismissal thereof, although there may be issues of fact joined in the cause.

But where the matter stated in the answer is demurred to, and it is determined
by the court that it is such matter as the defendant has a right to state as a
defence, though not constituting a *bar* to the action, and "judgment for de-
fendant with leave to plaintiff to withdraw the demurrer in twenty days, on
payment of costs," is directed; the defendant is irregular in entering a *judg-
ment for costs,* where the terms are not complied with by the plaintiff. The de-
cision should stand as an *order* overruling the demurrer. What remedy the
defendant has for his costs is not very clear.

It is now well settled, that matter may, under certain circumstances, be stated in
an answer by way of *defence* which will not constitute a *bar,* but such an an-
swer cannot be demurred to, or if demurred to it will be overruled.


*Niagara General Term, September,* 1859.

*Present,* GREENE, *P. J.,* MARVIN *and* DAVIS, *Justices.*

APPEAL from judgment entered upon demurrer to answer.
The action was to recover damages for a libel. The matter
complained of as libelous is set forth in the complaint with in-
nuendoes.

The defendants denied the complaint generally; and then,
for a second and further answer, alleged that the facts em-
braced in the supposed libel were substantially true, to wit:
(then follow various allegations of facts, which, however, do
not entirely meet and cover all the libelous matter as stated in
the complaint). The plaintiff demurred to this answer on the
ground that it was "insufficient in law to bar the plaintiff's
cause of action, or any part thereof."

The issue raised by the demurrer was tried, before Justice
GROVER, at the circuit and special term, held in Cattaraugus
county, in July, 1858, and the court ordered judgment for de-
fendants, with leave to the plaintiff to withdraw the demurrer,
&c., in twenty days, on payment of costs. The defendants
entered an order "that the said demurrer be, and the same
hereby is overruled, and the defendants have judgment there-
on. And it is further ordered, that the plaintiff have leave to
withdraw her demurrer in twenty days from the service of a
copy of this order, on payment of costs."

The plaintiff's attorney took no action in the case; and the
record or papers show another order or judgment, entered in
October, with the caption, "judgment signed, October 8th,

Wightman agt. Shankland.

1858." After reciting the previous proceedings in the case, and that twenty days had elapsed, and that the demurrer had not been withdrawn nor the costs paid, it is declared, "now, on motion of Lamb & Bolles, attorneys for the defendants, it is adjudged that the defendants recover of the plaintiff the sum of thirty-seven dollars and sixty-five cents, for their costs and disbursements in this action." This is signed by the clerk.

At a special term held in Erie county, in November, 1858, present Justice MARVIN, the plaintiff's counsel moved that the *judgment* be set aside for irregularity. It was ordered that the judgment be set aside, that the plaintiff have leave to withdraw her demurrer upon payment of costs, within twenty days, that if she failed to do so, the defendants should be at liberty to have the costs of the action adjusted and to enter final judgment, disposing of the whole case in their favor. The plaintiff not availing herself of the leave to withdraw the demurrer, &c., the defendants entered final judgment, dismissing the complaint, and that the defendants recover their costs and disbursements, $37.52, and that they have execution therefor.

From this judgment the plaintiff appealed to the general term.

A. G. RICE, *for plaintiff*.
D. H. BOLLES, *for defendants*.

By the court—MARVIN, Justice. It is quite clear that this judgment cannot be sustained, but what should be done with it is not quite so clear. I was led into error by the papers, and the positions of counsel at the Erie November special term, 1858, as to what had actually been decided by brother GROVER, upon the trial of the issue raised by the demurrer. I understood, and so my written opinion distinctly shows, that the court, in deciding the issue raised by the demurrer, decided that the answer stated facts, which constituted a complete *bar* to the action. And I held, upon this assumption, that the judgment entered by the defendants should have been final, disposing of the entire case. It was then argued by the coun-

Wightman agt. Shankland.

sel for the plaintiff, that, as there was an issue of fact, no judgment could be entered until such issue had been tried. In answer to this position, I remarked, "this depends upon the nature of the issue. If there is an issue of fact, and also an issue of law, and the latter is first tried, and the decision upon it is in favor of the defendant, but the question decided does not *bar* the action, the issue of fact must be tried before the judgment roll is made up, but if the defendants' plea in answer is sufficient to *bar* the action, and is demurred to, and the demurrer is determined in favor of the answer, the judgment, that the plaintiff take nothing by his complaint, is the proper judgment, though there may be issues of fact joined in the cause. The reason of this is quite obvious. If the defendant states, in one answer, facts which constitute a *bar* to the action, and these facts are admitted by the demurrer, there can be no necessity of trying any of the issues of fact, as the defendant must have judgment upon the whole record." (*See Gra. Pr.* 760 *et seq., and cases there cited.*)

Thus is seen the ground upon which my decision proceeded, I supposed that Justice GROVER had decided that the matter of the answer constituted a *bar*. I was not reviewing his decision. The question before me was a question of practice, whether the defendants' attorney had followed out the decision of the court. We have now published, for the first time, the opinion of Justice GROVER, delivered at the time he decided the issue raised by the demurrer, and it is now entirely clear that he did not understand or decide that the matter stated in the answer constituted a complete defence—*bar* to the action. But he regarded it as matter which the defendants had a right, in the action of libel, to plead or state in an answer. He, therefore, overruled the demurrer, furnishing a brief direction, "judgment for defendants, with leave to plaintiff to withdraw the demurrer, &c., in twenty days, on payment of costs." Upon this direction, the attorneys for the defendants entered the judgment for costs, without dismissing the complaint. They called it a judgment. Its caption is, "judgment signed October 8th, 1858." The language is, "it is *adjudged* that the de-

Wightman agt. Shankland.

fendants recover of the plaintiff the sum of $37.65, for their costs and disbursements in this action." This judgment or order I set aside, and very properly, as I still think, regarding it as a judgment, and not simply as an order. I know of no practice justifying such a judgment. The Code declares, " a judgment is the *final* determination of the rights of the parties in an action." (*Section* 245.) By section 400, " every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order." By section 349, an appeal is given from an *order*, " when it sustains or overrules a demurrer."

The defendant's attorneys should not have attempted to enter a judgment in this case, unless they understood the court as deciding that the matter pleaded constituted a complete bar, and then the judgment should have been final, dismissing the complaint, so that the plaintiff could have appealed from it as a judgment, and if affirmed on appeal, then could appeal to the court of appeals. Understanding that the court at special term had so decided, I directed the judgment to be put in the form of a final judgment. In this I erred from a misapprehension of what the special term had actually decided. I ought simply to have set the judgment aside, leaving the order entered at the special term, overruling the demurrer, and giving the plaintiff leave to withdraw it on payment of costs, &c., to stand. I will not now stop to inquire what the remedy of the defendants was for their costs.

It is now well settled that matter may, under certain circumstances, be stated in an answer by way of *defence*, which will not constitute a *bar*, and, of course, if that is allowable, such answer cannot be demurred to, or, if a demurrer is interposed, it will be overruled. (*See Houghton* agt. *Townsend*, 8 *How. Pr. R.* 441; *Bush* agt. *Prosser*, 1 *Ker.* 352 ; *Howard's Code, and cases cited under section* 149 ; *and section* 164, *relating to actions for libel or slander.*)

By the Code as amended in 1857 (*section* 153), the plaintiff may demur to an answer containing new matter, " when upon its face it does not constitute a counter-claim or defence." It

Wightman agt. Shankland.

is added, " and the plaintiff may demur to one or more of such defences or counter-claims, and reply to the residue of the counter-claims." Prior to 1857, the language was, " the plaintiff may, in all cases, demur to the answer for insufficiency, stating in his demurrer the grounds thereof." As I understand the Code (*See Houghton* agt. *Townsend, supra*), little or no change was effected by this amendment of 1857, as I held that any *new matter*, that was available as a partial defence, might be pleaded, unless it was matter that could be given in evidence under a denial answer, as evidence in mitigation of damages in assault and battery, &c., &c. By the amendment of 1857, however, the language " for insufficiency " is omitted, and now he may demur to the answer when upon its face it does not constitute a counter-claim or *defence*, so that the question is, does the new matter pleaded constitute a counter-claim or *defence*. In other words, is it matter that may be pleaded in an answer? Not, is it matter that will bar the action. If it is matter that may be pleaded by way of defence, any demurrer to it must be overruled. The amendment of 1857, by leaving out the words " for insufficiency," have probably removed any doubt previously existing as to the proper construction to be given to the word *defence*. This word is left to stand with the construction previously given to it.

I notice in this case, though the action was commenced after the amendment of 1857, that the pleader has demurred on the ground that the answer is *insufficient* in law to *bar* the plaintiff's cause of action or any part thereof. But, as already stated, I did not assume at the special term to review the decision of Justice GROVER. The question before me was one of regularity. The decision of Justice GROVER is not now before us, as he did not, as the case is *now* understood, decide that the matter stated in the answer barred the action. Such judgment has been entered in pursuance of my directions made at a special term, upon a motion to set the judgment entered aside. All the proceedings, from and including the entry of the judgment founded upon the decision of Justice GROVER,

have been *irregular* and should be set aside. There has been no decision authorizing such a judgment.

It is not a case for reversing the judgment. There should have been an appeal from the order made by me, or some course should have been taken to put the court, at a special term, in possession of the facts as they really existed. Unless the respective attorneys actually understood that Justice GROVER decided that the answer constituted a *bar* to the action, they must, upon reading my opinion, have discovered that I had fallen into error.

I think the judgment entered upon the decision of Justice GROVER and all subsequent proceedings should be set aside, upon the ground of irregularity.